WILL WARD v. THE STATE.

No. 4605. Decided October 17, 1917.

Rehearing denied November 7, 1917.

**1.—Theft—Circumstantial Evidence—Sufficiency of the Evidence.**

Where, upon the trial of theft of property under the value of $50, the evidence although circumstantial was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Special Owner—Allegation—Proof.**

Where, upon trial of misdemeanor theft, the evidence was sufficient to show that the alleged party from whom the property was taken had exclusive control of the same and care and management thereof to make him the special owner, the allegation of ownership was properly alleged and proved.

**3.—Same—Statement in Opinion—Motion for Rehearing—Ownership—Practice on Appeal.**

Where defendant in his motion for rehearing in this court contended that this court passed the case off on the sufficiency of the evidence and that such is not his contention, but the record clearly raises the sufficiency of the evidence as to the ownership alleged and proved, there was no reversible error.

Appeal from the County Court of Falls. Tried below before the Hon. F. S. Heffer.

Appeal from a conviction of misdemeanor theft; penalty, imprisonment in the county jail for thirty days and a fine of ten dollars.

The opinion states the case.

*W. E. Rogers,* for appellant.—On question of special ownership: Russell v. State, 55 Texas Crim. Rep., 330, 116 S. W. Rep., 573; Bryan v. State, 54 Texas Crim. Rep., 59, 111 S. W. Rep., 1025; Crouch v. State, 52 Texas Crim. Rep., 460, 107 S. W. Rep., 839; Graves v. State, 42 S. W. Rep., 300; Odell v. State, 44 Texas Crim. Rep., 307.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited 2 Branch's Ann. Penal Code, p. 1322.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft of property under the value of $50.

The case is one of circumstantial evidence, but under the facts we are of opinion that the State sufficiently made its case. In order to review appellant's contention it may be necessary to state some of the evidence. This shows that the alleged owner had a brother who was living in Fort Worth. He had written to the alleged owner to send his suitcase and a suit of clothes to him at Fort Worth. It seems the suitcase and the suit of clothes were at the residence of the father and mother of the alleged owner. They brought the clothes and suitcase to the town of Marlin and turned them over to the alleged owner for the purpose of being shipped or conveyed to the brother at Fort Worth. The alleged owner received the suitcase which contained the suit of clothes, and expected to send it to Fort Worth by a certain woman who was going on the train, but by some means he did not find her and concluded to send it by express. Before taking it to the express office for shipment he left it in a saloon with the expectation of returning at the proper time to get it for the purpose of sending it to Fort Worth. When he went for the suitcase it had been taken. This is enough of the testimony to illustrate the question mainly relied upon by appellant, towit: that the alleged owner was not such an owner under the law as justified the indictment alleging ownership in him.

We are of the opinion that he was sufficiently the owner within the contemplation of the statute to authorize the allegation of ownership The father and mother had turned it over to him for the purpose of its being shipped. He had exclusive control of it, and care and management, sufficiently so at least to make him the special owner. The objections to the testimony in this respect as well as to the charges given and refused are not well taken. We are of opinion that the court was correct in holding the indictment sufficiently alleged the ownership. This seems to be the main contention of appellant, and we are of opinion that it is not well taken.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 7, 1917.

DAVIDSON, PRESIDING JUDGE.—At a recent date of the present term the judgment herein was affirmed. Appellant's contention, in his motion for rehearing, is that the court passed the case off on the sufficiency of the evidence, and that such was not his contention. He says that the proposition he was urging was the failure of the court to give certain requested instructions, and this as to the law of the case as to alleged ownership. We have re-read the record and see no reason for changing what was announced in the original opinion. The facts show, as stated in the original opinion, how the alleged owner, Will Wallace, became possessed of the suitcase and suit of clothes. Appellant's contention was and is that Will Wallace was not such owner

as would support such allegation; that his was only a temporary possession and did not fulfill the measure of the law. In a certain sense the opinion turned upon the point of the sufficiency of the evidence, and necessarily so in order to meet the question urged. We stated in the opinion, after stating the facts, as follows: "This is enough of the testimony to illustrate the question mainly relied upon by appellant, towit: that the alleged owner was not such an owner under the law as justified the indictment alleging ownership in him." We held that it was sufficient; that he had such exclusive control, care and management as to make him the special owner. In disposing of it we held: "The objections to the testimony in this respect as well as to the charges given and refused are not well taken. We are of opinion that the court was correct in holding the indictment sufficiently alleged the ownership. This seems to be the main contention of appellant, and we are of opinion that it is not well taken."

Appellant, we think, is somewhat in error in his statement that he did not rely on the insufficiency of the evidence. Every charge he asked was based upon the theory that the evidence was not sufficient in that it did not support the allegation of ownership. The question raised was that the evidence did not support ownership in Will Wallace. We take the first charge requested by appellant as an example. It reads as follows: "The State having failed to sustain the allegation in the information that the alleged stolen property belonged to Will Wallace or to show that he had such possession as to constitute him a special owner, you will return your verdict in this case as follows: 'We, the jury, find the defendant not guilty,'" signed by the attorney for defendant. This clearly raises the sufficiency of the evidence as to the ownership. If Will Wallace was not the owner within the meaning of the law under the facts, then this charge should have been given. In fact, not only was there no error in refusing this charge but no error in refusing the motion for new trial on the ground that the evidence did not support this allegation in the indictment. If he was the special owner, then the evidence was sufficient on that theory.

The second special instruction was to the same effect, except somewhat enlarged. In that charge he asked the court to instruct the jury "that the mere temporary custody of the items of personal property alleged to be stolen from Will Wallace would not constitute him the owner of the same. In order to convict this defendant of the charge herein, you must find from the testimony that his possession was not merely temporary, but that he had the care, management and control of the said alleged stolen property, at the time of its taking." And applies the law to the effect that if his brother owned the property, and Will Wallace had received the same for the purpose of sending it to his brother at Fort Worth, and left it setting in a saloon from where it was taken, and that Will Wallace had no other right or interest in it than to send it to his brother, the jury would find defendant not guilty. The other charge is practically to the same effect. It all turned upon

ownership and the sufficiency of the evidence to support it. If the evidence did not support that allegation in the information, a direct attack upon the sufficiency of the evidence would have been as effective. It is the issue, and the only one relied upon by appellant. He presented the matter in more ways than one as to the sufficiency of the evidence showing ownership. We held before and hold now that the court was correct in holding this is a sufficient special ownership to authorize the allegation in the information that Will Wallace was the owner.

The motion for rehearing is overruled.

*Overruled.*